## EDWARD THOMAS v. EDWARD MILLS.

Where a person employed to sell tickets for a California steamship line, composed of two steamers running one from New York to Aspinwall, and the other from Panama to San Francisco, paid $100 to the defendant, and received a ticket for each steamer in expectation of selling the same for a trip to commence in February; *held*, that the defendant, having afterwards endorsed the tickets as good for a trip to commence in April, was liable in damages to a subsequent purchaser thereof who was denied a passage in the Atlantic steamer, although the defendant was directly interested in only the Pacific steamer.

Statements of the plaintiff, in the hearing of the defendant, that he had been put out of the steamer because his ticket was not good, not contradicted or denied by the defendant, and subsequent offers by the defendant to settle and to give other tickets, held sufficient evidence of a breach of the contract to carry.

THE "North Star," running from New York to Aspinwall, and the "Uncle Sam," running from Panama to San Francisco, constituted the "Independent Line" of California steamships. One Cross was the common agent of both steamers and the proprietor of the first, while the defendant was the proprietor of the second. One Ross, being employed by Cross and the defendant to sell tickets for the line, paid to

the defendant, at the office of Cross, $100 for a passage from New York to San Francisco, and received one ticket for the "North Star," signed by Cross, and another for the "Uncle Sam," signed by the defendant, as the vouchers for a passenger and as evidence of payment of the passage money for a trip, to commence on the 20th of February. This was done by Ross in contemplation of a sale of the tickets; which, however, he failed to effect.

Ross informed the defendant of the failure to dispose of the tickets, and told him that he had an opportunity to sell them to the plaintiff for the succeeding trip. The name of the passenger originally in view was erased, and the defendant wrote across the tickets "good for passage, April 5th," adding his signature. They were then sold by Ross to the plaintiff.

This action was brought to recover damages from the defendant for a breach of a contract of passage, the plaintiff alleging that he had been denied a transit in the "North Star," from New York. A witness testified, that in the presence of the defendant, the plaintiff stated that he had been put off the steamer last mentioned, after she left the dock in New York, on the 5th of April, for the reason that his tickets were not good, or would not be accepted; that the defendant heard this statement without denying it, and negotiated with the plaintiff for a settlement of the latter's claim.

Evidence was adduced by the defendant, to the effect that he was not an agent of either the "North Star" or the line, and was not directly interested in either, except incidentally, as the proprietor of the connecting steamer at Panama.

The tickets contained, among other things, the words "good for this trip only," (February 20th,) and "not transferable." The plaintiff's name was not written upon them.

The case came up upon the defendant's appeal from the judgment of the Marine Court.

*Edwin M. Robinson*, for the defendant.

*Jacob I. Radcliffe* and *David P. Whedon*, for the plaintiff.

Thomas *v.* Mills.

BY THE COURT. INGRAHAM, FIRST J.—We are of opinion that the defendant, being interested in one of the vessels or steamers forming the line, and undertaking, by the endorsement on the tickets, to secure to the plaintiff a passage throughout on both steamers, assumed the responsibility of guaranteeing to the plaintiff that such passage was secured to him; and on a failure of either steamer to carry the plaintiff, the defendant became liable to him for the damages sustained.

Interest in one of the steamers was sufficient to show benefit to the defendant from the contract, so as to prevent its being void for want of consideration.

The declaration of the plaintiff in the presence of the defendant, that he had been put off the steamer because his ticket was not good, the conduct of the defendant in not denying such statement, but proposing a settlement, and offering to pay part of the plaintiff's board and other arrangements, was sufficient evidence to go to a jury or be submitted to the court, and would sustain a finding in the plaintiff's favor on that point.

The plaintiff, if entitled to recover at all, was at least entitled to what he paid for the ticket and interest, as they were of no value to him after he was put out of the steamer.

The evidence shows the payment to the defendant of one hundred dollars for the ticket. It does not appear what the plaintiff paid for it, but the presumption is, he paid what Ross handed to the defendant.

If so, the judgment is for more than the sum paid, and should be reduced to $100, and interest ($7) from 20th February, 1854, and affirmed for that sum, with costs in the court below, and without costs to either party on appeal.

Adjudged accordingly.